UNITED STATES, Appellee,

v.

Gary M. LARSEN, Lance Corporal, U. S. Marine Corps, Appellant.

No. 30,305.

U. S. Court of Military Appeals.

Sept. 26, 1975.

*Captain Paul H. DuVall,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant J. W. Malley, Jr.,* JAGC, USNR, were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

Appellant contends that the Navy Court of Military Review erred in holding that the Government satisfactorily rebutted the presumed denial of speedy disposition which arose as a result of appellant's 137 days of post-trial confinement prior to the convening authority's action. *Dunlap v. Conven-*

*ing Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

Although the record of trial exceeds 1,000 pages, the court reporter completed the transcript within 37 days after the trial terminated. Twelve days later, the trial judge authenticated the transcript. Almost three additional months elapsed, however, before the 191-page post-trial review was completed, yet the convening authority took his action the following day.

We are not satisfied that the issues presented during the course of the trial were sufficient to warrant the nearly 3 months consumed by the staff judge advocate in preparing his unnecessarily lengthy review. As noted by the Court of Military Review in its opinion, the bulk of the delay was occasioned by personnel shortages in "this relatively small isolated command." Repeatedly we have held that such considerations are insufficient to overcome the presumption which was triggered by appellant's confinement for over 90 days. *United States v. Marshall, supra; United States v. Stevenson,* 22 U.S.C.M.A. 454, 47 C.M.R. 495 (1973).

The decision of the US Navy Court of Military Review is reversed. The charge and its specifications are ordered dismissed.