**UNITED STATES**

v.

**Eric L. MILLER, 408 88 0594, Airman E–3, U. S. Navy.**

**NCM 76 2188.**

U. S. Navy Court of Military Review.

18 Jan. 1977.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

MURRAY, Senior Judge:

Tried to a special court-martial by judge alone, the appellant, contrary to his pleas, was convicted of attempted robbery, robbery, assault, and threats to injure or kill another, in violation of Articles 80, 122, 128 and 134, 10 U.S.C. §§ 880, 922, 928 and 934, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $120 pay per month for six months, and reduction to pay grade E–1.

The convening authority approved the findings and sentence, but suspended so much of the sentence as extended to the discharge adjudged, confinement beyond four months, and forfeitures in excess of four months.

The supervisory authority approved findings only of attempted larceny, larceny, and the assault and threats alleged. He reassessed the sentence and found it nonetheless appropriate.

The appellant assigns one error for consideration by this Court:

## APPELLANT HAS BEEN DENIED HIS RIGHT TO A SPEEDY REVIEW.

The appellant's court-martial was completed on 12 February 1976. He was placed in confinement the same date and was not released until 21 May 1976; 99 days later. Although the convening authority took his action in appellant's case on 23 April 1976, the supervisory authority did not act until 27 August; more than six months after trial.

▪ Because appellant was in continuous post-trial confinement for more than 90 days without the supervisory authority having acted within that period, there is a presumption that appellant has been denied his right to a speedy review. *United States v. Brewer*, 1 M.J. 233 (1975). The government has a heavy burden to rebut this presumption and, absent such rebuttal, the remedy is dismissal of the charges. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974).

▪ In a message attached to the post-trial review in this case, the Naval Legal Service Office, San Diego, has sought to explain the delay in preparing the record of trial. The NLSO has recited a litany of personnel shortages, a heavy case-load, and busy counsel and judges. None of these reasons are sufficient to excuse the delay. They are not extraordinary. *Cf. United States v. Larsen*, 23 U.S.C.M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975). The Court of Military Appeals has pointed out that problems of this sort are to be expected and the government is held accountable for them. *United States v. Marshall*, 22 U.S.C.M.A. 431, 434, 47 C.M.R. 409, 412 (1973).

▪ The staff judge advocate argued in his post-trial review that because the trial defense counsel held the record of trial for seven days while examining it, that time should be charged to the defense. His argument is without merit. *United States v. Holmes*, No. 76 0784 (N.C.M.R. 15 June 1976); *United States v. Waldon*, No. 75 1000 (N.C.M.R. 29 December 1975). A similar result follows as to the staff judge advocate's contention that the four days spent in waiting for appellant to sign the appellate rights statement must be charged to the defense. Even the staff judge advocate conceded that there was no reason to delay the processing of this case because of the absence of the rights statement. Finally, the govenment argues that the 14 days which elapsed in mailing the record of trial to the convening authority aboard a ship at sea, and the four days' time spent sailing to Subic Bay are extraordinary circumstances sufficient to remove the government from the *DUNLAP–BREWER* presumption of a denial of speedy review. The Court of Military Appeals has answered that suggestion:

> . . . [W]hen separations of command and problems of communication result from the government's own conduct, they are merely explanation, not excuse [citation omitted] [*Dunlap v. Convening Authority, supra*, 23 U.S.C.M.A. at 135, 48 C.M.R. at 754].

If the convening authority was not reasonably available because of operations at sea, the government could have submitted the record for action directly to a general court-martial authority in San Diego. It does not diminish the government's responsibility to point out that the appellant got a "better break" by having the convening authority take the action, since that officer was most familiar with the case and was inclined to be more sympathetic to the appellant than (perhaps) some Admiral sitting in San Diego who would have to review a "cold" record and who would not be attuned to the appellant's needs and problems. That it was largesse that motivated the government to send the record to the convening authority rather than a local general court-martial authority—somewhere at sea—after a delay of 55 days in preparation of the record which is only 309 pages in length is doubtful at best. But even giving the government the full benefit of the doubt in such instance, the delay resulting from the transmission of the record to the convening authority at sea is simply not chargeable to the appellant under the circumstances.

Furthermore, we note that the convening authority acted on the record and delivered it to the supervisory authority not later than the 75th day of the appellant's confinement. While the staff judge advocate's review is lengthy and we appreciate the burden he was under in having only 15 days to review the record and advise the supervisory authority of his opinions and recommendations, we find no justifiable reason for his not having completed the review and obtained the supervisory authority's action by the 90th day of the appellant's confinement. And certainly no excuse whatsoever for the delay of some six months from trial to supervisory authority action.

We agree with the learned Chief Judge Cedarburg of this Court that "the merits of establishing an inelastic formula to achieve the desirable aim of speedy disposition needs to be reevaluated," *United States v. Brantley*, 2 M.J. 594 (N.C.M.R. 1976). We find nothing in the arguments of the government or in the excuses offered on the convening and supervisory authority levels, however, that justifies the delay in the case *sub judice.* Thus, even an inelastic formula is not pervasive in this instance and the appropriate remedy for the government's dereliction is dismissal of the charges.

We find the appellant was denied a speedy review in his case in accordance with the mandates of the High Court as set down in *United States v. Brewer, supra.* Accordingly, the findings and sentence are set aside, and the Charges are dismissed. All rights, privileges, and property of which the appellant may have been deprived by virtue of the sentence in this case are ordered restored.

Judge MALLERY and Judge GREGORY concur.