**UNITED STATES**

v.

**Terry L. JOHNSON, 518 72 9822, Private E-1, U. S. Marine Corps.**

**NCM 76 2580.**

U. S. Navy Court of Military Review.

Sentence Adjudged 23 Aug. 1976.

Decided 26 Jan. 1977.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

1. The conspiracy, larceny, and housebreaking related to the breaking into the Marine Corps Exchange at Guantanamo Bay, Cuba and the

MURRAY, Senior Judge:

Tried to a general court-martial by judge alone, the appellant was convicted, in accordance with his pleas, of conspiracy, larceny, and housebreaking in violation of Articles 81, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 930.[1]

The trial court sentenced appellant, *inter alia*, to a term of confinement at hard labor and the appellant was placed in post-trial restraint on 23 August 1976. Forty-two days later the record of trial was authenticated by the military judge. Examination by trial defense counsel was completed on the fifty-sixth day. On 26 October 1976, the sixty-fourth day after sentence was adjudged, the convening authority received the record for review. The staff judge advocate completed his post-trial review on 4 November 1976, the seventy-third day following trial. Five days later the review was served on trial defense counsel in Norfolk, Virginia per *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). Trial defense counsel did not file his response until 20 November 1976, the eighty-ninth day of post-trial confinement. Because of miscalculation due to the use of thirty-day calendar months instead of actual days, the convening authority did not sign his action until 22 November 1976, the ninety-first day of post-trial confinement.

The appellant assigns the following error for our consideration:

APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY REVIEW OF HIS CASE SINCE THE GOVERNMENT DELAYED ACTION ON HIS CASE BY THE CONVENING AUTHORITY UNTIL THE NINETY–FIRST DAY AND DID SO, ADMITTEDLY, FOR ADMINISTRATIVE CONSIDERATIONS. *Dunlay (SIC) v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Larsen*, 23 U.S.C.M.A. 564, 50 C.M.R. 783 [1 M.J. 300] (1976).

stealing of U. S. Government property of a value in excess of $18,000.00.

We note that the convening authority in this case, Commander, U. S. Naval Base Guantanamo Bay, Cuba, was also the Commanding Officer of the U. S. Naval Air Station, Guantanamo Bay, Cuba, which is located across the bay from the naval base and which can only be reached by boat. During the period from 18 November 1976 to 22 November 1976, the convening authority was physically separated from the Naval Base due to his responsibilities as Commanding Officer of the Naval Air Station and was also participating in flight operations. Because of this, the signature on the convening authority's action was delayed until his return to the Naval Base on 22 November 1976.

The reason for the rule as announced in *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974), is to ensure the "speedy disposition" of a case during that period between the completion of trial and the convening authority's action. Unfortunately, this rule has resulted in the establishment of an inelastic formula, the application of which has produced numerous injustices. As Chief Judge Cedarburg of this Court recently recognized:

> . . . [t]he *Dunlap* rule, requiring initial action by a convening authority within 90 days of post-trial confinement, without considering the guilt of an accused, the seriousness of the offense, the absence of prejudicial error or any but "extraordinary circumstances" justifying delay, deprives us of any flexibility to balance the rightful expectation of society to be protected by its judicial system against the actual harm suffered by a convicted felon because of delays in the review of his conviction. [*United States v. Brantley*, 2 M.J. 594 at 595 (N.C.M.R. 1976)].

We are moved by the government to conclude that dismissal in this case would be patently unjust when the totality of the circumstances attending the 91-day total delay is balanced against the proven guilt of appellant, and that the administrative miscalculation which caused the one day

delay did not negate the diligent efforts of the staff judge advocate in finishing his review on the seventy-third day and then allowing the trial defense counsel eleven days in which to respond to it in accordance with *Goode*.

We note that in the instant case, the convening authority's action could have been taken anytime after 14 November 1976. It was not taken immediately in order to allow the trial defense counsel to respond to the review, and, because of a one day miscalculation in determining the *Dunlap* period, it was actually taken on the 91st day following trial. We are of the opinion that to invoke the inelastic formula of the *Dunlap* rule, *supra*, and dismiss the charges under these extenuating circumstances would be a draconian remedy and would denigrate the system of military justice rather than protect and preserve it. We are fully aware that this is a departure from the exactitudes of the language of the *Dunlap* decision, but we are persuaded that the need for justice and the protection of society as a whole through the preservation of the system through which we arrive at justice far outweighs the technicality of the rule and the remedy articulated in *Dunlap*. The appellant has not been denied a speedy review in this case and to dismiss the charges in this instance would be a travesty. The real purpose underlying *Dunlap* is not frustrated by our action here.

In addition, we are convinced that application of the precise formula set down in *Dunlap* would do no more than highlight the glaring inequities of its rule when it is considered that one of appellant's co-conspirators, who was tried the very next day and whose convening authority's action was also taken on 22 November 1976, has already had his findings and sentence affirmed by this Court. *United States v. Martinez*, No. 76 2560 (N.C.M.R. 5 January 1977). The literal application of the *Dunlap* rule under these circumstances, that is, requiring dismissal of the charges against one conspirator while another's charges are affirmed solely because of a difference of one day in the post-trial reviewing period,

flies in the face of established notions of equal justice. Such an unfair result cannot be countenanced.

Accordingly, we find that the government has carried the "heavy burden" which the *Dunlap* rule places on it to show diligence under the precise circumstances of this particular case. The appellant's prayer for relief is denied. The findings and sentence as modified and approved on review below are affirmed.

Judge MALLERY and Judge GREGORY concur.