UNITED STATES, Appellee,

v.

Willie L. GREEN, Private, U. S. Army, Appellant.

No. 31,939.
CM 431438.

U. S. Court of Military Appeals.

Feb. 6, 1978.

*Captain Robert H. Herring, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Captain Lawrence E. Wzorek,* and *Captain John H. Milne.*

*Captain Gregory M. Van Doren* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Lieutenant Colonel Donald W. Hansen, Major Michael B. Kennett, Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain Richard S. Kleager.*

Opinion of the Court

COOK, Judge:

On April 15, 1975, the appellant's conviction of larceny was affirmed by the United States Army Court of Military Review [1] and the appellant was notified of its decision on May 5, 1975. The appellant filed a petition for grant of review in the Office of the Staff Judge Advocate, United States Army Training Center and Fort Dix, Fort Dix, New Jersey, on June 1, 1975. However, that petition was not forwarded to this Court, and on February 5, 1976, the appellant filed another in the Office of the Staff Judge Advocate. We granted review to determine if the delay resulting from the failure to forward the original petition requires corrective action.

1. The sentence as approved by the convening authority extended to a bad-conduct discharge, confinement at hard labor for 9 months, and forfeiture of all pay and allowances. However, the Court of Military Review reduced the sentence to confinement at hard labor for 6 months and forfeiture of all pay and allowances for 6 months.

■ In *United States v. Gray*, 22 U.S.C. M.A. 443, 47 C.M.R. 484 (1973) and *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), the Court held that, absent prejudicial error occurring during the court-martial proceedings, an inordinate delay at the appellate level does not justify dismissal of the charges. A dismissal is appropriate only where an accused "would be either prejudiced in the presentation of his case at a rehearing or . . . no useful purpose would otherwise be served by continuing the proceedings." *United States v. Gray, supra*, at 445, 47 C.M.R. at 486. This view was recently reaffirmed in *United States v. Johnson*, 3 M.J. 143 (C.M.A.1977).[2] Appellant cites *United States v. Tucker*, 9 U.S.C.M.A. 587, 26 C.M.R. 367 (1958), for the proposition that appellate delay, alone, warrants a dismissal of the charges. However, such an interpretation of *Tucker* was specifically rejected by the Court in *United States v. Timmons, supra* at 227, 46 C.M.R. at 227.

The Court, in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), held that unexplained delay by the convening authority in reviewing a conviction required dismissal of the charges.[3] However, that determination was predicated upon the provisions of Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, which require dismissal as the sanction for unreasonable delay at the court-martial level, and the applicability of that article to the convening authority because of the conjunction of his responsibilities with those of the court-martial. *Dunlap* did not, therefore, invalidate *Timmons* and

its progeny; it only established their inapplicability to the delay occurring prior to the convening authority's action.

■ The present case involves a delay at the appellate level, and the doctrine of *Timmons* still controls. Because there are no errors in the trial proceedings requiring further corrective action, the Government's delay in forwarding the petition does not require reversal of the conviction. We emphasize, however, that the failure to forward the appellant's original petition is in no way condoned by this Court. Such negligence only serves to discredit the military justice system.

The decision of the United States Army Court of Military Review is affirmed.

**FLETCHER, Chief Judge (concurring):**

I generally agree with the resolution of the issue in this case.[1] Nevertheless I wish to add that any "flagrant disregard"[2] of the accused's appellate rights under circumstances which shock the conscience of this Court will not be condoned even in the absence of particular prejudice to an individual accused.

**PERRY, Judge (concurring in the result):**

In the absence of prejudice flowing to the appellant from the inordinate delay in forwarding to this Court his petition for review, further action by this Court regarding that delay is inappropriate. I therefore join with the majority in the result reached herein.

---

2. Although I dissented in *United States v. Johnson*, 3 M.J. 143, 151 (C.M.A.1977), my dissent was predicated on my disagreement with other parts of that decision. I did not take issue with the quotation set forth from *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973).

3. The Court established a presumption of a denial of speedy disposition of a case when the convening authority does not act within 90 days after the termination of trial proceedings and the accused is physically restrained.

1. *United States v. Johnson*, 3 M.J. 143, 151 (C.M.A.1977).

2. *See United States v. Richmond*, 11 U.S.C. M.A. 142, 145, 28 C.M.R. 366, 369 (1960).