**UNITED STATES**

v.

**Ronald N. QUARLES, Seaman Apprentice, U. S. Coast Guard, CGCMS 23525.**

**No. 828.**

U. S. Coast Guard Court of Military Review.

30 April 1981.

Trial Counsel: LCDR Roger A. Brunnell, USCG.

Defense Counsel: LT Mark L. Goodwin, USCG.

Appellate Defense Counsel: LT Judith M. Hammond, USCGR.

Appellate Government Counsel: LCDR Robert W. Ferguson, USCG.

## OPINION

MORGAN, Chief Judge:

Seaman Apprentice Ronald N. Quarles, USCG, was tried by special court-martial at U. S. Coast Guard Yard, Baltimore, Maryland on 1 and 2 May 1979. He pleaded guilty to and was convicted of specifications alleging unauthorized absence, respectively, of less than four hours on 23 November 1978 and from 29 November 1978 until 24 March 1979 in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He also pleaded guilty to and was convicted of breach of restriction on 23 November 1978 in violation of Article 134, UCMJ, 10 U.S.C. § 934, but the military judge vacated the finding of guilty and dismissed that charge and specification because it was multiplicious with the first absence offense. The members sentenced the accused to be confined at hard labor for three months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The convening authority approved the sentence. The officer exercising general court-martial jurisdiction remitted the reduction in grade and suspended execution of the bad conduct discharge for a probationary period of three months.

Appellate defense counsel urges that the findings of guilty and the sentence should be set aside and the charges dismissed due to inordinate delay in the review process. In support of this contention counsel points out that the accused served 37 days of pretrial confinement and 79 days of the sentence to confinement; the convening authority did not take action on the record until 89 days after sentence was adjudged; the officer exercising general court-martial jurisdiction took no action for another 252 days; and, this latter official did not account for the delay as required by Section 506–5(b) of the Coast Guard Military Justice Manual, CG–488. Additionally, counsel argues that the accused was prejudiced by the delay since his posttrial command desired to advance him to pay grade E–3 in January 1980 but was precluded from doing so until the officer exercising general court-martial jurisdiction finally took action on the record some three months later on 8 April 1980.

This record presents an even more deplorable example of official indifference toward the timely posttrial review of Coast Guard courts-martial than that which we recently condemned in *U. S. v. Clevidence,* 11 M.J.

661 (CGCMR 1981). See also 414 Law Bulletin 5 (June 1976); *U. S. v. Player,* 2 M.J. 1115 (CGCMR 1975); *U. S. v. Owens,* 2 M.J. 1286 (CGCMR 1976).

Section 506–5(b) of the Coast Guard Military Justice Manual provides that the officer exercising general court-martial jurisdiction shall account for the delay in his action or review when the action or review is not taken within 180 days from the date the sentence was adjudged. A letter signed for Commander, Fifth Coast Guard District, By direction, ostensibly submitted in compliance with the foregoing requirement of the Military Justice Manual, contains an unexplained chronology of events over a 381 day period from 24 March 1979 when Seaman Apprentice Quarles was ordered into pretrial confinement until the officer exercising general court-martial jurisdiction took action in his case 8 April 1980. The letter then adds without more, "The review by an assistant legal officer and the legal officer commenced 7 August 1979 and ended 2 April 1980, the day the advice to the OEGCMJ was signed."

This letter reveals little or no effort to account for the delay as required by the Military Justice Manual. It provides no more than a chronology of significant events, neither explaining the cause of the delay nor excusing it. Perhaps that is understandable since it is difficult to conceive a plausible explanation for a legal officer and an assistant spending eight months preparing a 6 page letter size review of a 135 page record of a guilty plea trial in which no substantive legal issues were presented and the only evidence was in extenuation and mitigation.

■ As discussed in *U. S. v. Clevidence, supra,* no relief of any kind is required for unexplained delay such as in this case unless prejudice to the accused has resulted. See *U. S. v. Prater,* 20 U.S.C.M.A. 339, 43 C.M.R. 179 (1971); *U. S. v. Whitmire,* 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972); *U. S. v. Green,* 4 M.J. 203 (CMA 1978); *U. S. v. Banks,* 7 M.J. 92 (CMA 1979). Cf. *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *U. S. v. Brewer,* 1 M.J. 233 (CMA 1975).

■ The Court of Military Appeals has said that dismissal of charges due to posttrial delay will ordinarily not be justified unless there is " * * * some error in the proceedings which requires that a rehearing be held and * * * because of the delay appellant would be either prejudiced in the presentation of his case at rehearing or * * * no useful purpose would otherwise be served by continuing the proceedings." *U. S. v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *U. S. v. Jefferson,* 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973). This Court has also dismissed the charges in a case where it found unconscionable unexplained delay amounting to a denial of due process of law. See *U. S. v. Ward,* 48 C.M.R. 588 (CGCMR 1974). Neither error requiring a rehearing nor denial of due process of law justifying dismissal of the charges is present in this case. Nevertheless, we believe that the egregious unexplained delay warrants relief with respect to the sentence. See *U. S. v. Player, U. S. v. Owens* and *U. S. v. Clevidence,* all *supra.*

The findings of guilty are affirmed. The sentence is disapproved. All rights, privileges and property of which the accused has been deprived by virtue of the sentence thus disapproved will be restored.

Judges HOLLAND, BEAVER and BRIDGMAN concur.