**UNITED STATES**

v.

**William J. McGINN, III Quartermaster Third Class, U.S. Coast Guard.**

**CGCMS 23698.**

**Docket No. 852.**

U.S. Coast Guard Court of Military Review.

30 Nov. 1983.

Trial Counsel: LCDR Andrew W. ANDERSON, USCG.

Defense Counsel: LT James B. COVINGTON, USCGR.

Appellate Defense Counsel: LCDR Robert W. FERGUSON, USCG, LT Joseph F. AHERN, USCG.

Appellate Government Counsel: LCDR Mark A. O'Hara, USCG.

## DECISION

MORGAN, Chief Judge:

Quartermaster Third Class William J. McGinn, III, USCG, was tried by a special court-martial comprised of a military judge and members 16–18 February 1982. The accused was charged with violating Coast Guard Regulations, two offenses of conspiracy, larceny, accessory after the fact, receiving stolen property and misprison of felony, all arising from the theft of a quan-

tity of seized contraband marijuana, in violation of Articles 92, 81, 121, 78 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 881, 921, 878 and 934. He was also charged with two offenses of unauthorized absence for periods, respectively, of 2 days and 4 days in violation of Article 86, UCMJ, 10 U.S.C. § 886, and with missing the movement of his ship, USCGC COURAGEOUS, through design concurrently with one of the unauthorized absence offenses in violation of Article 87, UCMJ, 10 U.S.C. § 887. The accused pleaded guilty to one offense of unauthorized absence for a period of two days in violation of Article 86, UCMJ, and not guilty to all other charges and specifications.

Quartermaster Third Class McGinn was convicted of violating Coast Guard Regulations and Article 92, UCMJ, by possessing and using marijuana on 23 October 1981 to 28 October 1981, of accessory after the fact in violation of Article 78, UCMJ, by aiding one Kuhn to avoid apprehension for stealing marijuana on 23 October 1981, of receiving a quantity of stolen marijuana on 23 October 1981 in violation of Article 134, UCMJ, of two unauthorized absence offenses in violation of Article 86, UCMJ, and of missing the movement of USCGC COURAGEOUS through design in violation of Article 87, UCMJ. The members sentenced the accused to be confined at hard labor for three months, to forfeit $200.00 per month for three months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The findings of guilty and the sentence were approved by the convening authority, an officer exercising general court-martial jurisdiction.

Appellate defense counsel contends that the accused has been prejudiced by inordinate post-trial delay in the disposition of his case, that the staff legal officer's review was inadequate for failing to consider the disparity between the sentence adjudged in Petty Officer McGinn's case and the sentences adjudged in other closely related cases and that trial counsel improperly introduced the views of accused's Commanding Officer and the District Commander who convened the court-martial into the proceedings during his argument on the findings. Appellate defense counsel also questions the appropriateness of the approved sentence.

Sentence was adjudged 18 February 1982. The 310 page record was authenticated by the military judge 31 May 1982 and examined by the defense counsel 17 June 1982. The record was received in the Seventh Coast Guard District Legal Office for review pursuant to Article 65(b), UCMJ, 10 U.S.C. § 865(b), and paragraph 85, Manual for Courts-Martial, 1969 (Rev.), on 30 June 1982. In the meantime, the accused had completed serving his sentence to confinement for three months.

On 1 July 1982 the record of trial was referred to LT Brannon, an assistant legal officer of the Seventh Coast Guard District, for preparation of a draft staff legal officer's advice. That same day LT Brannon commenced twenty days authorized leave. He represented the government at an Article 32, UCMJ, investigation on 22 and 23 July 1982 and on 24 July he was appointed trial counsel for one general court-martial and six special courts-martial. LT Brannon's activities for the remainder of July and the month of August 1982 are not accounted for but he was on temporary additional duty at Jacksonville, Florida on 1 and 2 September and finally delivered the record of trial and a draft advice to the staff legal officer on 20 September 1982.

Due to the disqualification of the acting staff legal officer because he had served as trial counsel, LCDR Henkel, another assistant legal officer, was designated by the convening authority on 13 July 1982 to act as his legal officer for the review of the appellant's case. No accounting for LCDR Henkel's activities has been provided from his designation to act as the legal officer in the case until he completed his review of the record and preparation of his advice on 1 October 1982. A copy of the designated legal officer's review was delivered to the defense counsel on 13 October 1982 in accordance with the requirements of *U.S. v. Goode,* 1 M.J. 3 (C.M.A.1975) and defense

counsel's response is dated 19 October 1982. The convening authority took action on the record 9 November 1982, some 264 days after the sentence was adjudged.

Appellate defense counsel have pointed out the remarkable similarity between the post-trial delay in this case and in *U.S. v. Clevidence,* 14 M.J. 17 (C.M.A.1982) which involved post-trial delay of 313 days from the date sentence was adjudged until the supervisory authority took action on the record. As in that case, the record was not authenticated until after the appellant had served his sentence to confinement. Also as in Clevidence the delay preceding the convening authority's action on the record is neither explained nor excused. A chronology of significant events in the processing of the case and a resume of the normal responsibilities and the workload of various lawyers on the convening authority's staff has been filed. But no justifiable basis for the delay recognized by the Court of Military Appeals such as operational demands, a combat environment, convoluted offenses or similar circumstances has been offered. See *U.S. v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973); *U.S. v. Stevenson,* 22 U.S.C.M.A. 454, 47 C.M.R. 495 (1973); *U.S. v. Larsen,* 23 U.S.C.M.A. 564, 50 C.M.R. 783 (1975).

In Clevidence there was a delay of 200 days from sentencing until the record of trial was authenticated, another 49 days delay until the convening authority acted on the record and another 64 days delay until the supervisory authority took action. In appellant's case the record of trial was authenticated 102 days after sentence was adjudged and 162 more days passed until the convening authority approved the findings of guilty and the sentence. During most of that time—30 June 1982 until 1 October 1982—further action awaited completion of the staff legal officer's 18 page review which was not complicated by any difficult legal or evidentiary issues.

■ The appellant in a letter attached to his brief has asserted the same prejudice claimed by Clevidence, namely, that while on appellate leave his ability to obtain em-ployment has been impaired by the fact that he has no discharge papers. We were not impressed by Clevidence's claim of prejudice. See *U.S. v. Clevidence,* 11 M.J. 661, 667 (C.G.C.M.R.1981). But the Court of Military Appeals was. See *U.S. v. Clevidence,* supra, 14 M.J. 17, 19. What the Court of Military Appeals finds to be prejudicial, we certainly hesitate to disregard. Therefore, we accept the appellant's claimed impairment of his ability to obtain employment while on appellate leave as some evidence of prejudice from the lengthy, unexplained post-trial delay in his case. The problem then is to find a proper remedy.

In Clevidence the Court of Military Appeals concluded that dismissal of the charges was warranted. That result was selected not only because of the prejudicial effect of the delay but also to "halt the erosion in prompt post-trial review of courts-martial." The Court noted its reluctance to dismiss charges because of errors on the Government's part and stated that "[they] would especially hesitate to do so if the case involved more serious offenses". "Seriousness of the offense" as a factor to be considered in determining whether to dismiss charges was further alluded to by the Court in *U.S. v. Sutton,* 15 M.J. 235 (C.M.A.1983).

■ Quartermaster Third Class McGinn stands convicted of three routine military offenses but also of offenses related to the larceny of seized contraband marijuana. In our judgment these latter offenses have a serious impact on good order and discipline within the Coast Guard and should not be lightly dismissed. Therefore, our action to provide meaningful relief for any prejudice the appellant may have suffered by virtue of the inordinate post-trial delay in his case will be limited to the sentence. See *U.S. v. Player,* 2 M.J. 1115 (C.G.C.M.R.1975); *U.S. v. Owens,* 2 M.J. 1286 (C.G.C.M.R.1976); *U.S. v. Quarles,* 11 M.J. 625 (C.G.C.M.R. 1981).

■ At the request of defense counsel the military judge instructed the members

that Specification 1 of additional Charge I alleging unauthorized absence from 11 January 1982 until 13 January 1982 and additional Charge II and the Specification thereunder alleging missing movement of USCGC COURAGEOUS through design on 11 January 1982 were multiplicious for sentence purposes so that the accused was not prejudiced by the multiplicity of those offenses. Nevertheless, the trend of recent Court of Military Appeals decisions indicates that the Appellant is entitled to have one of the multiplicious offenses dismissed. See *U.S. v. Baker,* 14 M.J. 361 (C.M.A.1983); *U.S. v. Jean,* 15 M.J. 433 (C.M.A.1983); *U.S. v. Mosley,* 16 M.J. 205 (C.M.A.1983).

■ The military judge denied a defense request for an instruction that Charge I and the specification thereunder alleging the possession and use of marijuana from about 23 October 1981 until about 28 October 1981, Charge IV and the specification thereunder alleging that the accused was an accessory after the fact to larceny of marijuana by assisting one Kuhn to hide a quantity of marijuana on 23 October 1981 and specification 1 of Charge V alleging the receipt of stolen marijuana on 23 October 1981 were multiplicious for sentencing purposes. This was error since the marijuana possessed was unlawfully received and the unlawful receipt of the stolen marijuana was part and parcel of the accessory after the fact offense. See *U.S. v. Miles,* 15 M.J. 431 (C.M.A.1983); *U.S. v. Hendrickson,* 16 M.J. 62 (C.M.A.1983); *U.S. v. Bell,* 16 M.J. 204 (C.M.A.1983); *U.S. v. Garcia-Lopez,* 16 M.J. 229 (C.M.A.1983); *U.S. v. Valenzuela,* 16 M.J. 305 (C.M.A.1983). Indeed we are convinced that under the current trend of Court of Military Appeals decisions the appellant is entitled to have the portion of Charge I alleging possession of marijuana and specification 1 of Charge V alleging the receipt of stolen marijuana dismissed. Any prejudice resulting from the military judge's failure to instruct that these offenses were multiplicious will be cured by our action on the sentence.

We find no merit in the remaining assignments of error.

The findings of guilty of specification 1 of additional Charge I and Charge V and the specification thereunder are set aside. Specification 1 of additional Charge I and Charge V and the specification thereunder are dismissed.

Only so much of Charge I and the specification thereunder as finds the accused guilty of using marijuana at the time and place alleged in violation of Coast Guard Regulations and Article 92, UCMJ, is affirmed. The remaining findings of guilty are affirmed.

The sentence is disapproved. All rights privileges and property of which the accused may have been deprived by virtue of the sentence thus disapproved will be restored.