## UNITED STATES

v.

## Ralph A. MADISON, Fireman Apprentice, U.S. Coast Guard.

### CGCMS 23689.
### Docket No. 847.

U.S. Coast Guard Court of Military Review.

25 July 1985.

Military Judge: LCDR Richard L. Maguire, USCG.

Trial Counsel: LT D.L. Brannon, USCG.

Defense Counsel: LT J.A. Councilor, USCG.

Appellate Defense Counsel: LCDR Robert W. Ferguson, USCG, LT Joseph F. Ahern, USCG, LT Keith M. Harrison, USCGR.

Appellate Government Counsel: LT Christena G. Green, USCGR, LCDR T.J. Donlon, USCG.

## DECISION

BAUM, Chief Judge:

Appellant was tried by special court-martial in February 1982 for his part in the theft of marijuana that had been seized by

USCGC Courageous in the performance of duly assigned law enforcement duties. Ten other Coast Guardsmen were also court-martialed for their involvement in this offense. All of the convictions and sentences in the other cases became final long ago, with the other two punitive discharges that were imposed having been disapproved at this level. Only the accused's case remains.

It has been a long and tortuous route for this case to finally reach the point where it may now be settled. Twice this Court has returned the record for new reviews and convening authority actions. In our most recent decision, on July 24, 1984, the following was said at page 3:

> Appellant has alleged that he has been deprived of a speedy review in this case. In light of his contention, the Court has debated whether the interests of justice would be served by a termination of the proceedings and dismissal of the charges at this stage. We have decided that resolution of the issue of whether appellant has been denied a speedy disposition of his case and what would constitute an appropriate remedy for a denial, if found, is not ripe at this time. We are persuaded that return of the record for a new review and action is justified by the very serious nature of the charges and the circumstances of the offenses. The issue of speedy disposition and the remaining assignments of error advanced by appellate defense counsel may appropriately be addressed in the new staff legal officer's review and the action of the convening authority.

Now that there is a valid review and convening authority's action, we are ready to resolve the issue of post-trial delay.

The delay of approximately three years in disposing of this record can be attributed in large part to the Government's failure to take proper review action at the outset and again when the case was first returned. The Government acknowledges that the first two legal reviews were conducted by officers who were disqualified from performing that function and, contrary to the views expressed in the latest legal review, we have concluded that the Government was fully alerted to this infirmity by trial defense counsel as long ago as June 6, 1983. No corrective action was taken at that time and we attribute subsequent delay to that failure. We find the total post trial delay in this case to be inordinate. It far exceeds the delay in the companion cases of *U.S. v. Ernst,* 17 M.J. 835 (C.G.C.M.R.1984) and *U.S. v. McGinn,* 17 M.J. 592 (C.G.C.M.R.1983) where excessive post-trial delay was also found. In *Ernst,* the sentence was reassessed to cure any prejudice suffered from delay as well as other error affecting the sentence. After reassessment, a sentence was approved that did not include a bad conduct discharge. In *McGinn,* the whole sentence was set aside after finding prejudice from the delay. The alternative of disapproving the findings in that case was rejected because of the seriousness of the offense.

Here, we have a situation almost identical to that in *McGinn, supra,* i.e. inordinate post-trial delay, unrebutted assertions of prejudice in not finding work because of an unresolved Coast Guard status, and the same serious underlying marijuana theft. In *McGinn,* consideration was given to setting aside the findings of guilty based on the action taken by the Court of Military Appeals in *U.S. v. Clevidence,* 14 M.J. 17 (C.M.A.1982), another Coast Guard case involving excessive post-trial delay. In that regard, the Court in *McGinn* had the following to say:

> In *Clevidence* the Court of Military Appeals concluded that dismissal of the charges was warranted. That result was selected not only because of the prejudicial effect of the delay but also to "halt the erosion in prompt post-trial review of courts-martial." The Court noted its reluctance to dismiss charges because of errors on the Government's part and stated that "[they] would especially hesitate to do so if the case involved more serious offenses". "Seriousness of the offense" as a factor to be considered in determining whether to dismiss charges

was further alluded to by the Court in *U.S. v. Sutton*, 15 M.J. 235 (C.M.A.1983). Quartermaster Third Class McGinn stands convicted of three routine military offenses but also of offenses related to the larceny of seized contraband marijuana. In our judgment these latter offenses have a serious impact on good order and discipline within the Coast Guard and should not be lightly dismissed. Therefore, our action to provide meaningful relief for any prejudice the appellant may have suffered by virtue of the inordinate post-trial delay in his case will be limited to the sentence. See *U.S. v. Player*, 2 M.J. 1115 (C.G.C.M.R.1975); *U.S. v. Owens*, 2 M.J. 1286 (C.G.C.M.R. 1976); *U.S. v. Quarles*, 11 M.J. 625 (C.G. C.M.R.1981).[1]

We believe the rationale in *McGinn, supra*, applies with equal force to the present case and we will take the same course. The other assignments of error have either been mooted by subsequent review or by the action we take with respect to the sentence.

The findings of guilty are affirmed but the sentence is set aside. All rights, privileges and property of which the accused may have been deprived by virtue of the sentence thus set aside will be restored.

Judges HOLLAND, BRIDGMAN, BURGESS and REINING concur.

---

1. 17 M.J. 594.