UNITED STATES

v.

**Raymond W. MIRAMONTES, Jr., Seaman Apprentice, U.S. Coast Guard.**

CGCMS 23800.

No. 877.

U.S. Coast Guard Court of
Military Review.

11 Aug. 1986.

Trial Counsel: LCDR Gary M. Heil, USCG.

Assistant Trial Counsel: LT Charles A. Amen, USCG.

Defense Counsel: LT Kenneth E. Johnson, USCG.

Appellate Defense Counsel: LT Keith M. Harrison, USCGR, LCDR Robert Bruce, USCG.

Appellate Government Counsel: LT M.J. Zmaczynski, USCGR, LCDR Thomas J. Donlon, USCG.

## DECISION

BAUM, Chief Judge:

Appellant stands convicted by special court-martial of eighteen drug offenses under Article 134, Uniform Code of Military Justice and a theft offense under Article 121, Uniform Code of Military Justice. The findings were in consonance with pleas of guilty to the Article 121 offense and all but four of the drug offenses. On 7 April 1983, appellant was sentenced to a bad conduct discharge, confinement at hard labor for sixty days, forfeiture of $382 per month for two months and reduction to seaman recruit. The convening authority approved the sentence on 15 September 1983. On 3 October 1984, five hundred and forty six days after the sentence was imposed, the general court-martial authority acted on the record by modifying one finding of guilty, reassessing the sentence and thereafter, approving only so much of that sentence as provides for a bad conduct discharge, confinement at hard labor for sixty days and reduction to seaman recruit.

Appellant, citing *U.S. v. Bruton*, 18 M.J. 156 (C.M.A.1984); *U.S. v. Sutton*, 15 M.J. 235 (C.M.A.1983); and *U.S. v. Clevidence*, 14 M.J. 17 (C.M.A.1982), asserts before this Court that the findings of guilty and sentence should be set aside and the charges dismissed because he has been prejudiced by the inordinate and unexplained delay of

five hundred and forty six days from the time the sentence was adjudged to the day the general court-martial authority took his action. Appellant attempts to demonstrate the prejudicial effect of this delay in several ways. He says, for example, in an affidavit submitted to this Court, that he was turned down for certain jobs because he could not prove that he was properly separated from the Coast Guard or on authorized leave. The jobs for which he says he was rejected were all in Heyward, California at a department store and four fast food restaurants. The Government, in response, contests the allegations of prejudice and has filed counter affidavits in support of its position.

■ When factual issues of this nature from outside the record are raised, this Court's Article 66, Uniform Code of Military Justice fact finding responsibility is difficult to satisfy, even under the best of circumstances, but when confronted with evidence consisting solely of competing affidavits, the task of resolving the factual conflict becomes formidable. Accordingly, if, in order to finally decide this case, we found it necessary to determine employment difficulties attributed to review delay, we would be inclined to return this record for an evidentiary hearing of the type envisioned in *U.S. v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). One of the problems with returning a record for such a hearing, however, is that it generates further delay in a case where delay is the central complaint. For this reason, in future cases, if such an issue is apparent before the case reaches this level, the convening or other reviewing authority would be well advised to consider a *Dubay* hearing at that time, as was done in the Navy case of *U.S. v. Simmons*, 20 M.J. 567 (N.M.C.M.R.1985), and thus facilitate the ultimate decision by this Court.

Fortunately, without addressing such factual questions, this matter can be re-solved through the application of a standard for assessing prejudice that was in effect prior to both the rule in *U.S. v. Clevidence, supra,* and the one formulated in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).[1] The standard we will apply is the one set forth in *U.S. v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973), requiring a showing of prejudice from delay at a rehearing necessitated by some other error in the record.

■ The staff judge advocate in his review noted several errors bearing on sentence and recommended that the general court-martial authority reasses the sentence in light of these errors. In so recommending, he made the following statement:

> The ends of justice require a speedy and fair trial and an expeditious and impartial review. Delay in this case disserved both the accused and the government. Nonetheless, post-trial delay, unreasonable and as deplorable as it is, does not require reversal absent demonstrated prejudice to the substantial rights of the appellant. The only errors that could have prejudiced the accused in this case relate to sentence. Because delay has made rehearing on sentence difficult, I believe sentence reassessment by you is warranted.

We disagree with this ultimate resolution for the very reason given by the staff judge advocate for choosing it. Because delay had made a rehearing on sentence difficult, the staff judge advocate opted for reassessment. Undoubtedly, this was the best course from the Government's viewpoint. Looking at it from the accused's perspective, however, we reach a different result. In view of the errors noted by the Staff Judge Advocate we believe a rehearing on sentence was the appropriate course to take. The difficulty accruing to the accused at such a rehearing, occasioned by the extensive delay, constitutes prejudice

1. In *Dunlap,* the Court of Military Appeals set forth a new rule that presumed prejudice after 90 days of post-trial delay, if the accused was confined for that period. Later, in *U.S. v. Banks,* 7 M.J. 92, 93 (C.M.A.1979), the Court of Military Appeals announced that, "[u]pon full examination ... inflexible application of the [Dunlap] rule ... shall not be required from and after the date of this decision."

with respect to the sentence under the standard applied in *U.S. v. Gray, supra.* For this reason, we will take corrective action and, in our view, nothing less than disapproval of the sentence in its entirety will suffice.

The drastic remedy applied in *Clevidence, supra,* of disapproving both findings and sentence is not warranted here for several reasons. First, the prejudice we find relates only to a sentence rehearing and, therefore, does not affect the findings. The same can be said for the prejudice asserted by appellant in his first assignment of error relating to employment difficulties and adverse treatment by the Coast Guard after trial. Acceptance of these assertions as true in all respects would still leave the Court faced with prejudice that does not bear in any way on the findings of guilty. As in *U.S. v. Madison,* 20 M.J. 860 (C.G.C.M.R.1985), where we applied the rationale of *U.S. v. McGinn,* 17 M.J. 592 (C.G.C.M.R.1983), we conclude that the seriousness of the drug offenses in this case justifies limiting corrective action to the sentence alone.

With respect to appellant's remaining asserted errors, we reject the argument in assignment of error II that certain specifications were multiplicious for findings. At most, this assigned error would bear only on the sentence and our sentence action moots this issue, as it does with respect to the asserted sentence error in assignments III and IV. We reject the portions of those assignments calling for dismissal of the charges. Our conclusion, then, is that the findings of guilty should be affirmed and

the sentence set aside, due to the prejudicial post-trial delay between the date sentence was adjudged and the date the general court-martial authority acted on the record.

We note, in passing, that the Court of Military Appeals opinions cited by appellant as controlling on the issue of prejudicial post-trial delay all involved *uncontested* assertions of prejudice in obtaining employment. Now that such contentions are being routinely challenged by the Government and, thus, spawning a new post-trial factual contest, the prescient observations of Judge Cook in *U.S. v. Clevidence, supra,* may bear reading again, not for the purpose necessarily of returning to the *Dunlap* rule but for consideration of a return to the rule in effect prior to that case.[2]

In light of the reasons set out in this opinion, the findings of guilty are affirmed but the sentence is set aside. All rights, privileges and property of which the accused may have been deprived by virtue of the sentence thus set aside will be restored.

Judges BRIDGMAN and BURGESS concur.

Judges HOLLAND * and REINING ** concur in the result.

---

**2.** Judge Cook in his dissent in *Clevidence,* 14 M.J. 19–21 said, "In rejecting a rule certain in its application [the *Dunlap* rule] we have created in its place a rule totally without definition.... The results of this decision cannot help but create total confusion for those who administer military justice.... [P]rior to the *Dunlap* presumption of prejudice, delay in post-trial processing would be error only if there was some other error in the trial proceedings necessitating a rehearing, and that because of the delay, the accused would be prejudiced in presenting his case at the rehearing. In other words, the prejudice must appear from the record of trial. Here the majority has fashioned a dramatic

departure from this rule. The prejudice found —accused's alleged difficulty in obtaining "good" employment because of the possibility of being returned to active duty—is highly speculative, easy to assert and difficult, if not impossible, to disprove. No doubt we will see more of such assertions in future cases."

* Judge Holland acted in this case prior to his retirement from the U.S. Coast Guard.

** Judge Reining acted in this case prior to his transfer from the Court pursuant to U.S. Coast Guard orders to a new military assignment.