UNITED STATES

v.

Mark A. HALCOMB, 529 19 5411
Aviation Ordnanceman Airman
(E-3), U.S. Navy.

NMCM 87 2440.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 18 Nov. 1985.

Decided 3 Nov. 1987.

Before BYRNE, C.J., and GLADIS and ALBERTSON, JJ.

GLADIS, Judge:

On 18 November 1985 the accused was convicted pursuant to his pleas at a special court-martial bench trial of wrongful use of marijuana and attempted larceny of $1.00, in violation of Articles 112a and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a and 880, and sentenced to a bad-conduct discharge, confinement at hard labor for 25 days, and reduction to pay grade E-1. On 7 February 1986 the convening authority approved the sentence. But it was not until 14 July 1987 that the record of trial was received at this Court for review.

█ Absent prejudicial error occurring during the court-martial proceedings, the accused is not entitled to relief by reason of the inordinate delay in forwarding the record to this Court. *See United States v. Green,* 4 M.J. 203 (C.M.A.1978); *United States v. McLarahmore,* No. 81 0825 (NMCMR 17 January 1986) (unpublished), *pet. denied,* 24 M.J. 438 (C.M.A.1987). Therefore, we affirm the findings of guilty. Nevertheless, under the circumstances, including the delay, we find it appropriate to modify the sentence and disapprove the punitive discharge.

■ In *United States v. Gray*, 22 U.S.C. M.A. 443, 47 C.M.R. 484 (1973) and *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), the Court of Military Appeals held that, absent prejudicial error occurring during court-martial proceedings, an inordinate delay at the appellate level does not justify dismissal of the charges. A dismissal is appropriate only where either an accused would be prejudiced in the presentation of his case at the rehearing or no useful purpose would otherwise be served by continuing the proceedings. In *Dunlap v. Convening Authority*, 23 U.S. C.M.A. 135, 48 C.M.R. 751 (1974), the Court held that a presumption of denial of speedy disposition, mandating dismissal of the charges in the absence of a showing of diligence, arises when the accused is continuously under restraint after trial and the convening authority does not promulgate his final action within 90 days. *United States v. Brewer*, 1 M.J. 233 (C.M.A.1975), applied the *Dunlap* presumption to failure of the supervisory authority to take his action within 90 days of the date of restraint after the completion of trial. In *United States v. Green, supra*, a case involving delay in forwarding the accused's petition for review of a Court of Military Review decision, the Court held that the *Dunlap* holding did not invalidate *Timmons* and its progeny, but only established their inapplicability to the delay occurring prior to the convening authority's action. *Green, supra*, at 204. Thus, *Timmons* still controls delay at the appellate level. *Id.; United States v. McLarahmore, supra*.

In *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), the Court prospectively overturned the *Dunlap* rule regarding speedy review at the command level and restored the *Gray–Timmons* test-for-prejudice rule when review delays occurred at that level. *United States v. Johnson*, 10 M.J. 213 (C.M.A.1981). Then, in *United States v. Clevidence*, 14 M.J. 17 (C.M.A.1982), a case

involving inordinate delay prior to the convening authority's action, the Court dismissed the charges, finding prejudice where an accused on appellate leave had been hindered in finding adequate employment because potential employers were concerned that he might be recalled to active duty. It stated that to help prevent a return to the intolerable delays that had persuaded the Court to adopt the discarded *Dunlap* presumption, it would be vigilant in finding prejudice wherever lengthy post-trial delay in review by a convening authority is involved, but noted that it would especially hesitate to dismiss charges if the case involved more serious offenses. *Id.* at 19. The Court in *Clevidence* did not extend the new test for prejudice to delays in the appellate process occurring after the supervisory authority's action. *Id.* at 21, n. 6, (Cook, J., dissenting). We are unaware of any subsequent case which has done so and, therefore, conclude that the law as enunciated in *United States v. Green, supra*, governs the case before us.[1] *United States v. McLarahmore, supra*. We are constrained to apply it. *United States v. Jones*, 23 M.J. 301 (C.M.A.1987) (A Court of Military Review is not generally free to ignore a precedent of the Court of Military Appeals), citing *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982). *Cf. United States v. Remai*, 19 M.J. 229, 230, 233, n. 8 (C.M.A.1985).

Although we condemn delay in this case we would not overrule *Green*, if we could do so. *United States v. McLarahmore, supra*. In *Clevidence* and its progeny, the Court of Military Appeals, in what it characterized as an exercise of supervisory jurisdiction, dismissed the charges to prevent a return to inordinate and unexplained post-trial delays prior to the supervisory authority's action. There are significant differences between the trial and appellate stages of a criminal proceeding. *United States v. Johnson, supra*, at 217 (Everett,

---

1. We do not believe that *United States v. Sowers*, 24 M.J. 429 (C.M.A.1987) (summary disposition), a case involving alleged inordinate post-trial delay prior to the supervisory authority's action and very lengthy delay at the Court of Military Appeals, in which the Court dismissed the charges because of lack of speedy disposition, is precedent for overruling *Green* and extending the rule in *Clevidence* to delay at the appellate level. The issue upon which the Court granted review was delay prior to the convening authority's action.

C.J., concurring in the result). *See also United States v. Johnson*, 3 M.J. 143, 150, n. 23 (C.M.A.1977). "Thus, while the importance of prompt appellate review of a conviction should not be deprecated, the constitutional and statutory bases for insisting on such action are less obvious than for compelling speedy trials." *United States v. Johnson, supra*, 10 M.J. 213 (C.M.A.1981) (Everett, C.J., concurring in the result) at 218. Delay in disposing of an appeal does not threaten to affect the outcome in the way that delay in a trial may do.

 Although the post-trial processing of this case prior to the date of the convening authority's action could have been more expeditious, the delay was not inordinate. Thus, the issue is whether the subsequent inordinate delay in forwarding the record to this Court for review entitles the accused to relief. In this case since we can find no prejudicial error in the court-martial proceeding, we hold that it does not.[2] There is no valid basis for distinguishing this case from *United States v. Green, supra*, which involved delay in forwarding the accused's petition for review to the Court of Military Appeals. Thus, the rule in *Green*, that absent prejudicial error occurring during court-martial proceedings, inordinate delay at the appellate level does not justify dismissal of charges, is dispositive of this case. Therefore, the rule in *United States v. Clevidence, supra*, that inordinate post-trial delay prior to the convening authority's action may require dismissal of charges, if prejudice is found and the offenses are not serious, is not applicable to delay after the convening authority's action. Moreover, a harsh rule mandating dismissal of charges in this type of case will not preclude the delay caused by the unfortunate and, indeed, deplorable administrative oversight that apparently occurred here. Therefore, we refuse to dismiss the charges. Nevertheless, in the exercise of our powers under Article 66, UCMJ, 10

U.S.C. § 866, we find that under the circumstances of this case, including the delay, a punitive discharge is inappropriate. Accordingly, the findings of guilty and only so much of the sentence as provides for confinement for 25 days and reduction to pay grade E-1 are affirmed.

Chief Judge BYRNE and Judge ALBERTSON concur.

---

**2.** Absence of evidence that the judge advocate's recommendation was served upon defense counsel before the convening authority acted does not entitle the accused to relief. *See United States v. Kincheloe*, 14 M.J. 40, 43, 44 (C.M.A. 1982). First, defense counsel's lengthy delay in failing to object to lack of service waives the objection. Second, we find no error in the review.