UNITED STATES, Appellee

v

JAMES K. CLAUSEN, Lieutenant (jg),
U. S. Navy, Appellant

20 USCMA 288, 43 CMR 128

No. 23,064

January 22, 1971

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, argued the cause for Appellee, United States. With him on the brief were *Commander Michael F. Fasanaro, Jr.,* JAGC, USN, and *Lieutenant James B. Ginty,* JAGC, USNR.

## Opinion of the Court

DARDEN, Judge:

Tried by a general court-martial consisting of a military judge alone, the appellant pleaded guilty to and was convicted of failing to obey a transfer order. He was sentenced to a dismissal and forfeiture of $300.00 per month for six months. The convening authority suspended the dismissal pending the Chief of Naval Personnel's action on the appellant's application for conscientious objector status and for three months thereafter, with provision for automatic remission. Later, a United States Navy Court of Military Review affirmed the findings and the sentence. This Court granted appellant's petition for review. We set aside the findings and the sentence and dismiss the charge.

The appellant, an architect officer in the Civil Engineering Corps, served in Vietnam from May 1968 to May 1969. At the end of this period he was ordered (Bureau of Personnel Order 169108, dated February 18, 1969) to report to the Commander of a Navy Construction Regiment at Port Hueneme, California, for two days of temporary duty. Pursuant to his request made months earlier, he was also ordered to report on June 12, 1969 (Japan date), for permanent duty at the Naval Facility Engineer Command Construction, Yokosuka, Japan.

Clausen left Vietnam for the continental United States on May 20, 1969. Later, a reservation for a flight to Japan scheduled to depart Travis Air Force Base, California, June 10, 1969,

was confirmed. On that date, however, Clausen did not pick up his transportation authorization and he did not report to Travis at 2:00 p.m. on June 10 as required. Instead, at 4:20 p.m. he reported to the Military Personnel Officer, Headquarters, Thirteenth Naval District, Seattle, Washington. Clausen wished to apply for discharge from the Navy because of his conscientious objection to all wars, an objection he considered to be based on religious training and belief.

When his intentions were made known at Headquarters, Thirteenth Naval District, Clausen was ordered to return the next morning prepared to begin working there. This he did. Throughout the remainder of June 1969 he prepared his application for discharge as a conscientious objector. On June 30 his application for discharge was submitted to the Chief of Naval Personnel via the Commandant, Thirteenth Naval District. Officials concerned with his status then sought advice from the Bureau of Naval Personnel regarding the effect of the discharge application on pending disciplinary action. Informed that each action was independent of the other, these officials proceeded with action that resulted in the signing of charges in July, completion of the Article 32, Uniform Code of Military Justice, 10 USC § 832, investigation and preferring of charges in August, and trial beginning in September 1969. It should also be noted that the appellant's application for discharge was approved on December 19, 1969. He is now out of the Navy with a general discharge.

This setting is not unlike that found in United States v Williams, 18 USCMA 78, 39 CMR 78 (1968). After basic training, Williams, a Shoshonee Indian, was assigned to a California processing center for transfer to Vietnam. When told on the morning of July 1, 1967, that he would depart that evening from Travis Air Force Base on Flight N253, Williams indicated that he would make no preparations toward this end. At noon he was given a written order to report to Building 590 one hour later to complete processing. A guard assigned to him was instructed that if Williams did not report at the time indicated he was to be locked in the stockade. When the hour passed without Williams's compliance he was locked up. There he remained, missing the evening departure. Williams was later charged, tried, and convicted for missing his flight through design and for disobeying the order to report for processing. This Court, on appeal, reversed his conviction of the former offense, saying:

". . . We need not consider the extent to which an accused is subject to trial and punishment for a violation of law based upon the willful failure to perform a designated duty, when performance was physically impossible because the accused was arrested and confined by military authorities for commission of another illegal act, which was intended to lead, or which reasonably led, to his incarceration. See Manual for Courts-Martial, supra, paragraph 165; United States v Myhre, 9 USCMA 32, 25 CMR 294; United States v Daggett, 34 CMR 706." [18 USCMA, at page 80.]

While Clausen missed his flight on June 10 from Travis, we gather from his orders that he was not then overdue at his new duty station. Clausen was not yet in an absent-without-leave status. At this time, during his discussions at Headquarters, Thirteenth Naval District, he was given a countermanding order, one that he complied with. Under these circumstances, he appears to have been wrongfully charged with failing to obey the original transfer order. It follows that his plea of guilty is improvident, and that his conviction was unjustified.

Accordingly, the decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The charge is ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

In United States v Aletky, 16 USCMA 536, 537, 37 CMR 156 (1967), this Court declined to review an alleged error in the case because the accused had been separated from the service by "other proceedings" and there was "no probability of a rehearing or the execution of any punishment." That decision is consistent with my view that "jurisdiction is lost" when the accused's service affirmatively discharges him. United States v Speller, 8 USCMA 363, 372, 24 CMR 173 (1957), dissenting opinion, Chief Judge Quinn. As in *Speller*, supra, at page 372, I would reverse the decision of the Court of Military Review because "the proceedings against the accused abated upon his formal discharge from the service."