**UNITED STATES, Appellee,**

v.

**Sergeant Eugene S. HAIRSTON, SSN 577–76–7753, United States Army, Appellant.**

**CM 442682.**

U. S. Army Court of Military Review.

30 March 1983.

---

Colonel William G. Eckhardt, JAGC, Captain Gunther O. Carrle, JAGC, and Major Lawrence F. Klar, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of two specifications of attempted sale of cocaine, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for ten months, total forfeitures and reduction to the lowest enlisted grade. The convening authority approved the sentence.

### I. *Jurisdiction*

The appellant contends that the court-martial lacked subject-matter jurisdiction over the offenses. During the plea inquiry the appellant admitted that he sold

what he thought was cocaine on two occasions to "Specialist Doman who is a CID undercover agent," in a civilian community near the military post where the appellant was assigned. We hold that the military status of the purchaser and the situs of the offenses, near a military post, were sufficient to confer jurisdiction. *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980).

## II. *The Post-Trial Review*

 The appellant also contends that he was prejudiced by a statement in the staff judge advocate's review that the appellant previously had been fined $300.00 and placed on probation for twelve months for possession of "liquidane." We hold that it was not improper for the staff judge advocate to mention the appellant's previous misconduct. *United States v. Barrow,* 9 U.S.C.M.A. 343, 26 C.M.R. 123 (1958). Furthermore, we note that the post-trial review was served on the trial defense counsel, who declined to submit comments or rebuttal. Consequently, any objection to the adverse extra-record matter in the post-trial review was waived. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975); *see United States v. Vara,* 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958); *United States v. Griffin,* 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957); *United States v. Lanford,* 6 U.S.C.M.A. 371, 20 C.M.R. 87 (1955).

## III. *Former Jeopardy*

 The appellant twice sold to a covert CID agent what he thought was cocaine. The substance was later found to be caffeine. The appellant had been charged with two attempted sales of cocaine at a previous trial, but the charges had been dismissed by the military judge because they did not aver that the attempts were wrongful. The appellant contends that a second trial for attempted sale of cocaine is barred by Article 44, Uniform Code of Military Justice, 10 U.S.C. § 844 (1976). We disagree. We hold that the government's earlier attempt to prosecute the appellant for the same offenses, which was terminated when the military judge dismissed the

specifications because of defective draftsmanship, was not a trial in the sense of Article 44 and consequently does not bar a second trial on properly drafted specifications. *United States v. Richardson,* 22 C.M.R. 473, 476 (A.B.R.1956); *cf. United States v. Cook,* 12 M.J. 448, 453 (C.M.A. 1982) (prosecution of specifications which had earlier been withdrawn pursuant to a pretrial agreement which was voided when military judge refused to accept guilty pleas not barred); *United States v. Ivory,* 9 U.S.C.M.A. 516, 26 C.M.R. 296 (1958) (dismissal of specification for material variance does not bar subsequent trial for correctly described offense); *United States v. Johnpier,* 30 C.M.R. 445 (A.B.R.1960), aff'd, 12 U.S.C.M.A. 90, 30 C.M.R. 90 (1961) (withdrawal of specification because of material variance does not bar second trial).

 At the previous trial the acts on which the attempted sale specifications were based were also the basis of two allegations of larceny by false pretenses, of which the appellant was acquitted. The appellant argues that his earlier acquittal of the larcenies estops the government from prosecuting him for the attempted sales of cocaine based on the same acts as the larcenies. We hold that the government was not estopped.

The doctrine of collateral estoppel in criminal prosecutions is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). The doctrine means that "when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." *Id.* at 443, 90 S.Ct. at 1194. Although the doctrine of collateral estoppel originated in civil litigation, it has been adopted as an established rule of federal criminal law as well. *Id.* The closely related doctrine of res judicata has long been recognized in military law. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 71*b; United States v. Doughty,* 14 U.S.C.M.A. 540, 34 C.M.R. 320 (1964);

*United States v. Smith,* 4 U.S.C.M.A. 369, 15 C.M.R. 369 (1954); *United States v. Lawton,* 28 B.R. (E.T.O.) 293, 297–304 (1945).

 In determining whether collateral estoppel applies, we must determine whether the previous acquittal could have been based on the resolution of an issue other than an issue presented in the case before us. *Ashe v. Swenson,* 397 U.S. at 444, 90 S.Ct. at 1194. Subsequent prosecution is estopped if the previous findings could only have been based on resolution against the government of an issue which is again before the court. *United States v. Smith,* 470 F.2d 1299 (5th Cir.1973), *cert. denied,* 411 U.S. 952, 93 S.Ct. 1929, 36 L.Ed.2d 415 (1973) (Douglas and Brennan, JJ., dissenting); *see also United States v. Lee,* 622 F.2d 787 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).

At the previous trial, the appellant was charged with larceny by false pretenses. The theory of the government's case was that the appellant sold caffeine which he falsely held out to be cocaine. Our reading of the proceedings in the earlier case convinces us that the appellant was acquitted of the larceny offenses because the court found that he actually believed that the substance sold was cocaine, not caffeine. The government is not now attempting to relitigate that factual issue which was decided in the appellant's favor. To the contrary, in this case the government prosecuted the appellant for attempted sale of cocaine on the theory that the appellant believed that the substance he sold to the agents was in fact cocaine. Accordingly, we hold that the first acquittal does not bar the second prosecution. *United States v. Smith, supra.* The fact that the second prosecution is based upon the same transaction as the earlier prosecution likewise does not bar the second prosecution. *United States ex rel. Brown v. Hendrick,* 431 F.2d 436, 440 (3rd Cir.1970), *cert. denied,* 402 U.S. 976, 91 S.Ct. 1677, 29 L.Ed.2d 141 (1971); *accord United States v. Smith,* 470 F.2d at 1302; *United States v. Fusco,* 427 F.2d 361, 363 (7th Cir.1970). Accordingly, we conclude that the prosecution of the appellant for the attempted sale of cocaine was not barred by either Article 44 of the Uniform Code of Military Justice or the Fifth Amendment.

The remaining assignment of error is likewise without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.