UNITED STATES, Appellee,

v.

David A. SUTTON, Storekeeper Seaman,
U.S. Navy, Appellant.

No. 42,434.

NMCM No. 81–1944.

U.S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Commander Walter J. Landen, Sr., JAGC, USN, Lieutenant Commander Richard K. Delmar, JAGC, USNR, Lieutenant Jerome A. Busch, JAGC, USNR* (on brief).

For Appellee: *Captain T.C. Watson, Jr., JAGC, USN, Commander Richard A. Monteith, JAGC, USN, Lieutenant Colonel A.P. Tokarz, USMC* (on brief); *Commander W.J. Hughes, JAGC, USN, Lieutenant Commander John C. Vinson, JAGC, USN.*

Amicus Curiae on behalf of Appellee: *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Michael R. Smythers, Captain Mark S. Julius* (on brief) —for Government Appellate Division, U.S. Army.

*Opinion of the Court*

EVERETT, Chief Judge:

On December 29, 1979, appellant was tried at the U.S. Naval Support Activity, Naples, Italy, by a special court-martial consisting of a military judge alone. He pleaded guilty to Charge I and its two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Pursuant to a pretrial agreement, the remaining charges were dismissed.[1] After finding Sutton guilty, pursuant to his pleas, the military judge sentenced him to a bad-conduct discharge, confinement at hard labor for 75 days, forfeiture of $275.00 pay per month for 3 months, and reduction to pay grade E–1. The record of trial, which consists of 22 pages, was authenticated by the military judge on January 2, 1980, and examined by the defense counsel the next day. On January 6, 1980, the convening authority, who was the Captain of the USS NIMITZ, approved the sentence adjudged, but he suspended forfeitures in excess of 75 days.

After this commendable swiftness in preparing the record and taking the initial action thereon, a hiatus of ten months occurred in the appellate review of the case. Finally, on November 3, 1980, the staff judge advocate to the supervisory authority prepared his review. This review, which

[1.] Charge II alleged willful disobedience of an order; Charge III contained three specifications of violation of Navy Regulations; and Charge IV alleged breach of restriction, in violation of Articles 91, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, and 934, respectively. Note that Special Court-Martial Order No. 1–81, dated February 10, 1981, does not set forth Charge IV.

consists of three pages, contains no reference to, or explanation of, the lengthy delay which had occurred in the review of the case.[2] On December 15, 1980, the supervisory authority approved the sentence as it had been approved and suspended by the convening authority. The special court-martial order promulgating the results of the action by the supervisory authority is dated February 10, 1981.

The United States Navy-Marine Corps Court of Military Review affirmed the findings and sentence in a *per curiam* opinion. In a concurring opinion, one of the judges of that court criticized the "excessive and deplorable delay"; but, since he found no prejudice to appellant, he joined in denying relief. 12 M.J. 629, 631 (1981).

We granted review to consider this issue: WHETHER THE APPELLANT HAS BEEN DENIED HIS RIGHTS TO SPEEDY REVIEW AND MILITARY DUE PROCESS, AND HAS THEREFORE BEEN PREJUDICED BY THE 321 DAY DELAY OF THE SUPERVISORY AUTHORITY IN ACTING ON THE CASE.

The result here is foreshadowed by *United States v. Clevidence*, 14 M.J. 17 (C.M.A. 1982). In that case, a special court-martial had convicted the accused of several military offenses and sentenced him to a bad-conduct discharge, confinement, and partial forfeitures. Then a delay of 200 days occurred in authenticating the record of trial. Ultimately, the action of the supervisory authority was completed some 313 days after sentence was imposed. Clevidence, who had been placed on appellate leave at his own request, claimed prejudice by reason of the long delay in the appellate review of his case—especially prejudice with respect to employment opportunities in the civilian community.

In dismissing the charges in *Clevidence*, we emphasized the statements from *United States v. Johnson*, 10 M.J. 213, 218 (1981) (Everett, C.J., concurring in the result), that we wished to discourage "a return to the intolerable delays that persuaded the Court to adopt the [*Dunlap*] presumption," and that "to help prevent such an occurrence, the Court should be vigilant in finding prejudice wherever lengthy post-trial delay in review by a convening authority is involved." Then, we pointed out:

> We are reluctant to dismiss charges because of errors on the Government's part and we would especially hesitate to do so if the case involved more serious offenses. However, it seems clear that unless we register our emphatic disapproval of such "inordinate and unexplained" delay in a case like this, we may be faced in the near future with a situation that would induce a return to the draconian rule of *Dunlap*.

14 M.J. at 19 (footnote omitted).

For all practical purposes, the present case is on all fours with *Clevidence*. Appellant was convicted by special court-martial of routine military offenses. After his conviction, he was placed on appellate leave, and he now asserts that he was prejudiced in obtaining civilian employment. No better excuse was given here for the delay than that which was offered in *Clevidence*. Although the delay here occurred between the action of the convening authority and that of the supervisory authority—rather than in authenticating the record—this difference seems immaterial. Accordingly, we conclude that Sutton should receive the same relief that was granted in *Clevidence*.[3]

The decision of the United States Navy-Marine Corps Court of Military Review is reversed; the findings and sentence are set aside; and the charges are dismissed.

Judge FLETCHER concurs.

2. After we granted review of this case, the Government submitted an affidavit of the erstwhile staff judge advocate, which describes the increased caseload in his office at the time of Sutton's case and explains that a number of cases had been "stacked ... in a corner without filing or routing for review." However, the affiant could not say whether appellant's "case was in the stack that was put aside, or whether it was affected only by the office backlog."

3. We recognize that dismissal of charges after a conviction involves somewhat different considerations than apply to a dismissal before

COOK, Judge (dissenting):

I too am appalled by the unexplained, and unexplainable, delay in processing the

trial. However, we are convinced that Congress intended for courts-martial to be processed promptly after trial as well as before trial. Furthermore, we find some relevance in the provisions of 18 U.S.C. 3162(a), which direct that "[i]n determining whether to dismiss the case with or without prejudice, [because of pretrial delay,] the court shall consider,

accused's record of trial. However, for the reasons set forth in my dissenting opinion in *United States v. Clevidence,* 14 M.J. 17, 19 (C.M.A.1982), I respectfully dissent.

among" other factors, "the seriousness of the offense" and "the facts and circumstances of the case which led to the dismissal." *See also* Fed.R.Crim.P. 48(b), which authorizes dismissal for "unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant."