UNITED STATES, Appellee,

v.

Private (E–2) William E. ROSE, SSN 232–11–9032, United States Army, Appellant.

SPCM 18488.

U.S. Army Court of Military Review.

26 May 1983.

Captain Michael D. Graham, JAGC, argued the cause for the appellant. With him on the brief were Major Paul J. Luedtke, JAGC, and Captain Kenneth G. Gale, JAGC.

Captain Glenn D. Gillett, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, and Lieutenant Colonel John T. Edwards, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

### OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $367.00 pay per month for three months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant now contends that he was substantially prejudiced by the excessive and unjustified delay from the conclusion of trial until the appointment of appellate counsel. The record reflects that the appellant was tried on 24 May 1982 and the convening authority took his action on 26 July 1982, the sixty-third day after trial. However, the record of trial was not forwarded to The Judge Advocate General until 22 November 1982. The record of trial was received by the clerk of this Court on 28 November 1982. Appellate counsel were appointed on 7 December 1982, 197 days after the trial.

We have considered the affidavits submitted by government appellate counsel and find that the time from the trial until the convening authority's action was reasonable, but the time from the date of the convening authority's action until the record of trial was forwarded to The Judge Advocate General was unreasonable and not adequately explained.

Having determined that the appellate processing of this case was unreasonably delayed, we must determine the appropriate relief. In *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973), and *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), the Court articulated a rule requiring specific prejudice before they would set aside an otherwise valid conviction because of delay between the date of trial and the date of the convening

authority's action. "Prejudice" was defined as having two components: (1) an error in the proceedings which required a rehearing, and (2) a reasonable likelihood that the appellant would be prejudiced by the delay in the presentation of his case at the rehearing or that no useful purpose would be served by a rehearing. In *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the Court modified *Gray* and *Timmons* and adopted a presumption of prejudice to be applied whenever the convening authority did not take action within ninety days of trial when the accused was continuously in restraint after trial. In *United States v. Banks,* 7 M.J. 92 (C.M.A.1979), the Court abandoned the *Dunlap* presumption as no longer necessary and returned to a test for specific prejudice. The Court's citation of *United States v. Gray, supra,* in the *Banks* opinion has generally been interpreted as a return to the standard announced in *Gray* for determining specific prejudice. *See United States v. Johnson,* 10 M.J. 213, 214 (C.M.A.1981). However, in *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982), the Court set aside a conviction for post-trial delay without any showing of specific prejudice as defined in *Gray.* The Court mentioned in *Clevidence* that the appellant "claims that he has been hindered in finding adequate employment," but did not state whether they accepted his claim as valid, nor did the Court state whether they considered his employment difficulties as specific prejudice. *Id.* at 19. In *United States v. Sutton,* 15 M.J. 235, 236 (C.M.A. 1983), the Court again mentioned the appellant's claim "that he was prejudiced in obtaining civilian employment." Once again the Court did not state whether they accepted the appellant's claim as valid or considered it as specific prejudice. In both *Clevidence* and *Sutton* the Court of Military Appeals appears to be concerned with military due process and their role in supervising military justice.

However, we need not decode these changing signals from the Court of Military Appeals in order to resolve this case, because the change of direction, if any, has occurred only in cases involving delays between the trial and the convening authority's action. At least one judge of the Court of Military Appeals regards the convening authority's action as part of the trial and has predicated dismissal of the charges on a violation of Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810 (1976). *See United States v. Green,* 4 M.J. 203, 204 (C.M.A.1978) (opinion of Cook, J.).

In cases involving appellate delay after the convening authority's action, the signal from the Court of Military Appeals has been clear. In such cases the Court has applied a standard equivalent to the *Gray* standard, requiring a showing of specific prejudice. Where there have been no trial errors requiring a rehearing, the Court of Military Appeals uniformly has affirmed otherwise valid convictions in spite of excessive appellate delays. *United States v. Green,* 4 M.J. at 204 (conviction affirmed where petition for review not forwarded for eight months, but there were no trial errors requiring a rehearing). However, where a rehearing has been found necessary, the excessive appellate delay has been remedied by setting aside the conviction. *See United States v. Ervin,* 20 U.S.C.M.A. 97, 42 C.M.R. 289 (1970) (conviction set aside for delay of three years in serving a Board of Review decision in a case requiring a rehearing); *United States v. Tucker,* 9 U.S.C.M.A. 587, 26 C.M.R. 367 (1958) (conviction reversed where petition for review not forwarded for more than one year and record of trial replete with prejudicial errors).

We find no specific prejudice in this case. The appellant's claims of employment difficulty and medical expenses are collateral consequences of his conviction which do not constitute specific prejudice as defined in *United States v. Green, supra.* Since we find no prejudice resulting from the excessive appellate delay, our duty is to affirm. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1976).

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.