## UNITED STATES

v.

**Clifford J. ECHOLS, Jr., 421 80 8118, Storekeeper Seaman (E-3), U.S. Navy.**

NMCM 82 5664.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 Aug. 1981.

Decided 31 Jan. 1984.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

SANDERS, Senior Judge:

On 11 August 1981 appellant was tried by special court-martial, military judge alone, for two unauthorized absences of 85 and 51 days, respectively. His guilty pleas having been accepted, the military judge sentenced him to confinement at hard labor for two months, forfeiture of $250.00 pay per month for three months, reduction to pay grade E-1 and a bad-conduct discharge. On 2 June 1982 (295 days after trial) the convening authority, pursuant to a pretrial agreement, approved the sentence but suspended all confinement in excess of 60 days and all forfeitures in excess of $150.00 pay per month for three months. The action of the convening authority, with slight modification, was approved by the supervisory authority on 6 October 1982 (421 days after trial).

Appellant has assigned two errors:

### I

APPELLANT HAS BEEN DENIED HIS RIGHT TO A SPEEDY REVIEW OF HIS CONVICTION AND HAS BEEN PREJUDICED BY THE UNREASONABLE DELAY.

### II

A BAD CONDUCT DISCHARGE WAS INAPPROPRIATELY SEVERE IN

LIGHT OF THE VERY STRONG CASE APPELLANT PRESENTED IN EXTENUATION AND MITIGATION (DE A–BB) AND THE MATTERS NOTED IN THE CLEMENCY PETITION DATED 12 AUGUST 1981.

We find the second assignment without merit but, as we read the applicable cases, the delay in the review of this record is another matter.

■ An unjustified and inordinate delay in the review of a record resulting in demonstrable prejudice to an appellant requires reversal of the conviction. *United States v. Clevidence,* 14 M.J. 17 (C.M.A. 1982); *United States v. Gentry,* 14 M.J. 209 (C.M.A.1982); *United States v. Sutton,* 15 M.J. 235 (C.M.A.1983).

■ Approximately fourteen months elapsed between trial and supervisory authority's action in this case. Approximately nine months of this delay was attributable to the convening authority (the record had been authenticated by the military judge within three weeks of trial) who explained that the record had been misplaced by the ship's lay legal officer. No explanation has been given for the four month delay by the supervisory authority in acting upon this twenty nine page record.

By affidavit appellant swears that, as a result of his not having been discharged, he has been turned down for numerous jobs, has been denied financial assistance toward his college education and has been separated from his wife and son who, because of economic necessity, have had to return to her family home in another state. These allegations are unrebutted by the government.

Based on the record before us, therefore, we find that the delay in the review of this case was unreasonable and that appellant has suffered specific prejudice as a result thereof.

Accordingly, the findings and sentence are set aside and the charge and specifications dismissed.

Judge MAY concurs.

CASSEL, Judge (dissenting):

I dissent. If my interpretation of *United States v. Clevidence,* 14 M.J. 17 (C.M.A. 1982), and its progeny is correct, once the issue of speedy review is raised and a request for relief made, there are two factual considerations that must be resolved serially before a decision concerning relief can be made by this Court. Namely: (1) Was there an inordinate and unexplained or unjustified delay in the post-trial review before reaching this Court? Then, (2) if there was such a delay, is there a factual showing of prejudice? In this case, we have a delay of 295 days from the completion of trial to the convening authority's action, then an additional delay of 126 days before the accomplishment of the supervisory authority's action. There is no justified excuse for this inordinate delay-only the remark that the record was misplaced by the non-lawyer legal officer, which is certainly no justification. Thus we reach the second question. Since *United States v. Clevidence, supra,* and *United States v. Gentry,* 14 M.J. 209 (C.M.A.1982), imply that dismissal is the only remedy for a showing of prejudice we should be convinced that there *is* prejudice caused by the delay in review of the case— not just the ill effects to be expected from termination of the employment relationship or from the normal consequences of an approved punitive discharge. The normal method of raising this factual scenario is by affidavit. If that affidavit is not contradicted then the only issue that remains is to determine if those facts amount to prejudice. If those allegations of fact are controverted by the government then there must be some method of determining the facts.

In this case appellant avers that he has been turned down for numerous jobs, has been denied VA benefits for college and has been separated from his wife and son because of economic reasons while he attended college. The majority states that these allegations are unrebutted and then proceeds because of that to find specific preju-

dice. Since I disagree with the first conclusion I need not reach the second.

It is true that the government has not submitted an affidavit in opposition to that of appellant. But what could it submit to rebut such an unbelievable story. The government attacks the facts alleged in the affidavit by properly noting in its brief such questions as "if the state unemployment service has been unable to place him in employment, why? Were any jobs available?" Since appellant is ineligible for the "GI Bill," which requires service before 1 January 1977, (his term of service began on 26 June 1978), to what VA educational benefits is he entitled? If he is attending college, was he really seeking employment? In short, the government simply says they do not believe the facts alleged. If that is the case then there must be some provision for a hearing to determine the factual basis for the claim of prejudice. Only if the factual basis is uncontroverted should we reach the issue of whether or not that factual situation amounts to prejudice so as to justify dismissal. I believe that the importance of considering the testimony of the appellant cannot be overemphasized. In this case, I have read the unsworn statement of appellant at trial which explains away his prior special court-martial conviction for receipt of stolen goods, which according to him were of approximately $350 in value, in absolutely unbelievable terms. I find no creditable evidence of prejudice but since there is an affidavit then perhaps the only way of resolving this case is to return the record to the Judge Advocate General with instructions to have a court-martial convening authority appoint a military judge to conduct a *DuBay* hearing limited to the issue of prejudice caused by the delay in review. The military judge should make specific findings of fact concerning the allegations of prejudice and then return the record through the normal process for determination if dismissal is warranted under the facts as so found.