UNITED STATES

v.

**Airman First Class Peter G. KING, FR 089–60–8067, United States Air Force.**

**ACM S26207.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Oct. 1982.

Decided 24 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Kevin L. Daugherty and Captain Teresa J. Stremel, USAFR.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

CANELLOS, Judge:

Before a special court-martial with members, the accused was convicted, contrary to his pleas, of possession and transfer of lysergic acid diethylamide (LSD). The approved sentence extends to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $382.00 per

month for five months and reduction to airman basic.

On appeal, the accused makes two claims of error: (1) that the evidence was insufficient to support his conviction; and (2) that he was denied a speedy review of his case. We do not address the first claim but we do find, on the facts, that the accused was denied his right to a speedy review.

■ A perusal of the chronology of significant events[1] reveals that between the last day of trial and the date the record of trial was received by the Office of The Judge Advocate General,[2] 405 days elapsed. Although we are displeased with the general lack of expeditious processing of this case after trial, we are particularly concerned about the nearly seven month delay between the action of the supervisory authority and the receipt of the record of trial by The Judge Advocate General for referral to this Court under Article 65(b), U.C.M.J.

The only explanation offered by the Government[3] is that after the supervisory authority's action, the administrative system established to assure timely dispatch of records of trial broke down—apparently as a result of a changeover of administrative personnel. This attempt to explain is woefully inadequate. We find that the delay was both unreasonable and unsatisfactorily explained. *United States v. Tucker,* 9 U.S.C.M.A. 587, 26 C.M.R. 367 (1958).

■ In the absence of specific prejudice, delay in appellate review is not a ground, in and of itself, for relief. *United States v. Banks,* 7 M.J. 92 (C.M.A.1979); *United States v. Green,* 4 M.J. 203 (C.M.A.1978); *United States v. Milan,* 16 M.J. 730 (A.F.C. M.R.1983); *United States v. Sutton,* 5 M.J. 709 (A.F.C.M.R.1978). Here, the accused

claims that he did suffer such prejudice[4] because the delay in finalizing his case prevented him from effectively applying for desirable employment which he was technically qualified to pursue. This claim is unrebutted by the Government.

■ Traditionally, a finding of prejudice required a showing of: (1) an error in the trial proceedings necessitating a rehearing, and (2) the likelihood that the accused would be prejudiced by the delay in presenting his case on rehearing. *United States v. Johnson,* 3 M.J. 143 (C.M.A.1977); *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973). However, a new chapter has recently been written by the Court of Military Appeals; it recognizes *personal prejudice to the accused,* as opposed to prejudice to the legal rights of the accused, as sufficient to cause dismissal of the charges for an unreasonable and unexplained post-trial delay. *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982); *United States v. Sutton,* 15 M.J. 235 (C.M.A.1983).

The accused's claim of prejudice in this case is reminiscent of that made by the accused in *Clevidence* (hindered in finding adequate employment). There, the unexplained delay was encountered between the date of trial and the action by the special court-martial convening authority. The present claim of prejudice is also reminiscent of that made in *Sutton* (prejudiced in obtaining civilian employment). In that case, the delay occurred between the action of the special court-martial convening authority and that of the supervisory authority. The Court of Military Appeals has discussed the stage at which a delay is occasioned in the appellate review process

---

1. *Chronology—United States v. King*
   29 Oct 82—Sentence adjudged
   13 Jan 83—Action by special court-martial convening authority
   13 May 83—Action by general court-martial convening authority
   7 Nov 83—Record forwarded to The Judge Advocate General
   8 Dec 83—Record arrived at Office of Judge Advocate General

2. Article 65(b), U.C.M.J.; M.C.M., 1969 (Rev.), para. 94*a* (3).

3. The Government's MOTION TO SUBMIT DOCUMENTS, dated 21 Mar 1984, is GRANTED.

4. The Accused's MOTION FOR LEAVE TO FILE AFFIDAVIT, dated 24 Feb 1984, is GRANTED.

and found the particular time to be "immaterial." *United States v. Sutton, supra.* We believe that a similar test for prejudice should apply and a similar result obtain in cases of inordinate and unexplained delays between the action of the supervisory authority and forwarding the record of trial for review by this Court. *Cf. United States v. Rose,* 16 M.J. 568 (A.C.M.R.1983). Unlike the U.S. Army Court of Military Review, we find the signals from the Court of Military Appeals abundantly clear: unexplained delays in appellate processing, at any stage, will not be tolerated, and, in appropriate cases, where some prejudice is shown, such delay will cause a dismissal of the charges.

In both *Clevidence* and *Sutton,* the Court of Military Appeals indicated their hesitance to dismiss charges for serious offenses. However in *United States v. Gentry,* 14 M.J. 209 (C.M.A.1982), the Court dismissed two charges of use of marihuana by the accused, a Naval officer, who was not confined, was continued on active duty, but was "shunned by his commander" and was "ordered ... to maintain a low profile," and who rejected job offers during the delay in processing his case. Further, the Court of Military Appeals has rejected the Government argument that claims of prejudice of the type enumerated herein are difficult if not impossible to rebut. *See generally United States v. Shely,* 16 M.J. 431 (C.M.A.1983).

A fair reading of these cases indicates that neither assertions of serious criminality nor inability of the Government to rebut a generalized claim of prejudice will rescue an otherwise speedy review violation.

■ We are mindful of the words of the Court of Military Appeals that a "[C]ourt should be vigilant in finding prejudice" whenever lengthy post-trial delay is involved. *United States v. Johnson,* 10 M.J.

213, 218 (C.M.A.1981). Having reviewed the facts of this case we find: that the delay in post-trial processing of the case was unreasonable and not satisfactorily explained; that the accused suffered some degree of prejudice; and, therefore, dismissal of the charges is mandated. *United States v. Clevidence, supra; United States v. Sutton, supra; United States v. Rowsey,* 14 M.J. 151 (C.M.A.1982).

We reiterate the stern warnings of both the Court of Military Appeals and this Court that unreasonable delays in the post-trial processing of court-martial cases will not be condoned in any fashion. *United States v. Tucker, supra; United States v. Green, supra; United States v. Milan, supra.* Such delays only serve to discredit our military justice system. They must cease immediately.

Accordingly, the findings of guilty and the sentence are set aside. The charges are ordered dismissed.

KASTL, Senior Judge, concurs.

RAICHLE, Judge, dissenting:

I dissent from the decision of the majority. I agree that unreasonable and unexplained delay prior to action by the convening and supervisory authorities coupled with personal prejudice to the accused will result in dismissal of charges in cases involving minor offenses. I also agree that the delay involved in this case, although not unexplained, is totally unreasonable. Neither good faith nor inadvertent negligence can excuse inordinate delay. *United States v. Ervin,* 20 U.S.C.M.A. 289, 42 C.M.R. 289 (1970). However, I am not totally convinced that the accused has sufficiently demonstrated personal prejudice.* Be that as it may, I will assume that prejudice is present.

---

* The following is a *verbatim* transcription of the portion of the statement of the accused alleging prejudice:

Its extremely important to me that I get some kind of answer as I have been suffering much emotional and financial hardship in this post trial delay. Im trying to get a job here in New York at Grumman Aerospace, Which I am fully qualified for and I cant even full out an application properly; the same holds true for my attempts with Sperry Corp. Im far too intellagent to be washing dishes for the rest of my life.

I perceive the majority as implementing an unwarranted expansion of the rule set out in *United States v. Clevidence, supra,* and *United States v. Sutton, supra.* While the rule therein espoused applies to delays prior to convening and supervisory authority actions, I am aware of no cases which expand the rule to post-action delays; in fact, I have found no case where charges were dismissed based only on post-action delay and *personal* prejudice to the accused. Like the Army Court of Military Review, I see the change of direction from the Court of Military Appeals, if any, as applicable only to cases involving delays between the trial and convening or supervisory action. *See United States v. Rose,* 16 M.J. 568 (A.C.M.R.), *pet. denied,* 17 M.J. 18 (1983). In cases involving appellate delay after action the standard would appear to be that set out in *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973), i.e., (1) an error in the proceedings which required a rehearing, and (2) a reasonable likelihood that the appellant would be prejudiced by the delay in the presentation of his case at the rehearing or that no useful purpose would be served by a rehearing.

A further reason not to dismiss the charges in this case is the indication from the Court of Military Review that the *Clevidence/Sutton* rule may not be applicable because the charge is not a minor offense, but a serious one, i.e., transfer and possession of LSD. Almost without exception, the charges dismissed in other cases have been minor absence and disrespect offenses. The only charge which comes even close to the gravity of the charge under consideration is use of marijuana. *See United States v. Gentry,* 14 M.J. 209 (C.M.A.1982) (summary disposition). While use of marijuana may be considered by some to be minor in this day and age, I believe none

would disagree that transfer of LSD is of much greater magnitude.

Finally, even if I am in error as to my assessment of the present state of the law, a limited hearing would be a more appropriate procedure than outright dismissal of the charges. As stated by the Court of Military Appeals in *United States v. Johnson,* 3 M.J. 143 (C.M.A.1977):

> We believe that the time and the place for the decision initially to be made regarding the unreasonableness of the delay and any claimed prejudice flowing therefrom are at the time of the rehearing in the trial forum.

*See also United States v. Echols,* 17 M.J. 856 (N.M.C.M.R.1984) (Cassel, Judge, dissenting). This procedure would afford both parties the opportunity to make a record of what actually transpired both as to the delay and any prejudice, and would eliminate the present "battle of affidavits" with the accused making a bald assertion of prejudice which the government finds impossible to rebut. It would also furnish an accurate version of what occurred which would enable us to make an enlightened decision as to whether the charges should be dismissed or not.

Based on the foregoing, I would return the record to The Judge Advocate General with instructions to have a court-martial convening authority appoint a military judge to conduct a hearing limited to the issue of prejudice caused by the delay in forwarding the record of trial.