**156**

**UNITED STATES, Appellee,**

v.

**Thomas M. BRUTON, Seaman Recruit,
U.S. Navy, Appellant.**

No. 45189.
NMCM 81–3001.

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Lieutenant Commander
Richard K. Delmar*, JAGC, USNR, and
*Lieutenant Louis F. Sadler*, JAGC, USNR
(on brief); *Lieutenant Commander William A. DeCicco*, JAGC, USN.

For Appellee: *Commander W. J.
Hughes*, JAGC, USN, and *Lieutenant
Commander W. A. Dorsey*, JAGC, USNR
(on brief).

### Opinion of the Court

EVERETT, Chief Judge:

This case provides another example of inordinate and unexplained delay in post-trial review.

On September 10, 1980, a military judge sitting as a special court-martial at Norfolk Naval Base, Virginia, tried appellant on charges and specifications alleging 3 unauthorized absences, 30 failures to go, missing movement, and possessing marihuana. Pursuant to a pretrial agreement, Bruton pleaded guilty to the unauthorized absences, 15 failures to go, and possession of marihuana; and the Government did not go forward on the remaining charges. After entering the appropriate findings of guilty, the judge sentenced appellant to a bad-conduct discharge, confinement for 90 days, and forfeiture of $150.00 pay per month for 3 months.

On October 29, 1980, the judge authenticated the record of trial, which consisted of 40 pages. Thereafter, on November 20, 1980, the convening authority approved the findings and sentence adjudged, but he suspended, for a period of 1 year from the date of trial, the confinement in excess of 60 days and the forfeitures in excess of $150.00 pay per month for 2 months.

For more than half a year, no action was taken by the supervisory authority on appellant's guilty-plea case. Then, finally, on June 9, 1981, the staff judge advocate to the supervisory authority completed his 10–page post-trial review, which, among other things, noted:

8. *Errors and Irregularities*

There were no significant errors or irregularities requiring discussion.

9. OBJECTIONS AND RULINGS REQUIRING DISCUSSION

There were no significant errors or irregularities requiring discussion.

10. OPINIONS

\*   \*   \*   \*   \*   \*

e. There were no errors which materially prejudiced the substantial rights of the accused.

Within two days—on June 11, 1981—defense counsel submitted a one-page reply to the review. On July 6, 1981, the supervisory authority took his action and approved, upon reassessment, the sentence as approved by the convening authority. Hence, some 299 days elapsed between the time appellant's trial ended and the date the supervisory authority took his action.

At the trial, no motions were made and no issues were raised. The trial was short and simple. Thus, we do not readily perceive any reason for the long delay; and none has been suggested to us. Moreover, appellant claims that he has been prejudiced by the delay. He specifically avers that, after he had been placed on appellate leave, he was denied two jobs because he had not received a report of separation—DD Form 214—which is issued when a servicemember is separated from the armed forces and returns to civilian status. Indeed, Bruton fears that his present employment may be terminated if his employer learns that he has no DD Form 214. The Government has presented no evidence to disprove appellant's claim of prejudice.

The relief that must be given in this case is foreshadowed by our opinions in *United States v. Sutton*, 15 M.J. 235 (C.M.A. 1983), and *United States v. Clevidence*, 14 M.J. 17 (C.M.A. 1982). In *Sutton*, the accused—like appellant here—pleaded guilty pursuant to a pretrial agreement, and the remaining charges were dismissed. The record of trial consisted of only 22 pages, and 352 days passed after the date of sentencing before the supervisory authority acted. Just as in the present case, the Government provided no justification for its delay; and Sutton claimed that, after having been placed on appellate leave, he

had suffered prejudice in obtaining civilian employment because he lacked a DD 214. Because we concluded that, "[f]or all practical purposes," *Sutton* was "on all fours with *Clevidence*," we ordered that the accused "should receive the same relief that was granted in *Clevidence*." 15 M.J. at 236 (footnote omitted).

In *Clevidence*, a special court-martial had convicted the accused of several military offenses and sentenced him to a bad-conduct discharge, confinement, and partial forfeitures. Then, a delay of 200 days occurred in authenticating the record of trial. Ultimately, the action of the supervisory authority was completed some 313 days after sentence was imposed. Clevidence, who had been placed on appellate leave at his own request, claimed prejudice by reason of the long delay in the appellate review of his case—especially prejudice with respect to employment opportunities in the civilian community. We set aside the findings and sentence and dismissed the charges. *See also United States v. Shely*, 16 M.J. 431 (C.M.A. 1983); *United States v. Gentry*, 14 M.J. 209 (C.M.A. 1982).

We recognize that the Navy—the service in which this case arises—faces special problems in accomplishing appellate review of court-martial convictions. Apparently, there are some 2,200 separate convening authorities in the Navy; and where, as here, the convening authority is the commanding officer of a vessel, the problems are aggravated by mobility.[1] Indeed, the convening authority may be under different supervisory authorities as he sails the seven seas. However, while we are cognizant of special problems in the seagoing services, there is nothing in this record to explain why it took so long for the supervisory authority in this case to act.[2]

In view of the long and unexplained delay and the other circumstances of this case, the decision of the United States Navy-Marine Corps Court of Military Re-

---

1. Speech by Rear Admiral Bruce A. Harlow, USN, Assistant Judge Advocate General (Operations and Management) to Federal Bar Association, Pentagon Chapter, February 14, 1984.

2. To its credit, the Navy is attempting to develop an automated information system that will enable it to keep better track of its cases and their status. *Id.* Hopefully, as this system is put in place, problems like that of the present case will vanish.

view is reversed; the findings and sentence are set aside, and the charges are dismissed.

Judge FLETCHER concurs.

COOK, Senior Judge (concurring):

I find the accused's claim of prejudice somewhat tenuous. Certainly his predicament will not be resolved by our decision, since he can only receive a DD Form 214 coterminously with his discharge. However, the Government offered nothing in rebuttal to accused's assertion, and it did not present any explanation of the cause(s) of this patently unconscionable delay. I, therefore, somewhat reluctantly, concur.