UNITED STATES

v.

**Airman Basic Robert H. RAY, Jr., FR 352–56–4749 United States Air Force.**

ACM 25684.

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Sept. 1986.

Decided 6 May 1987.

**658**

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Morris A. Tanner, Jr.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

On 28 May 1986, the appellant was apprehended at Seymour Johnson Air Force Base, North Carolina by agents of the Office of Special Investigations (OSI) for distributing cocaine to an Air Force member on 17 April and 21 May 1986.[1]

At the time of his apprehension, the appellant was on appellate leave following his general court-martial conviction in January 1985, for earlier drug-related offenses. Article 76a, U.C.M.J., 10 U.S.C. § 876a; Air Force Regulation 111-1, *Military Justice Guide*, 1 August 1984, para. 15-1 et seq.

At trial the appellant moved to dismiss the April and May 1986 drug offenses, arguing a lack of *in personam* jurisdiction because of the "unreasonably lengthy and unexplained period of time" the government took to order his prior punitive discharge executed following the Court of Military Appeals denial of his petition for review. He contends his situation is the same as that condemned by the Court of Military Appeals in *United States v. Sutton*, 15 M.J. 235 (C.M.A.1983) and *United States v. Clevidence*, 14 M.J. 17 (C.M.A. 1982), where they dismissed charges because of "inordinate unexplained delay" in the post-trial review processing resulting in prejudice. *See also United States v. Bruton*, 18 M.J. 156 (C.M.A.1984).

The appellant contends the prejudice suffered by him was greater than that confronted by the courts in *Sutton, Clevidence* and *Bruton, supra* in that he was denied his liberty by being placed in military pre-trial confinement. He argues that if his first punitive discharge had been promptly executed, as it should have been, the State of North Carolina would have had jurisdiction over the offenses and he would have been allowed to post bail. He further asserts that his release on bail was "almost certain."

■ Just as an appellant cannot dictate the *terms and conditions of his pre-trial confinement or under which of several Articles of the Code he is to be tried, see United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985) and *United States v. Reynaud*, 16 M.J. 744 (A.F.C.M.R.1983), nei-

---

1. The appellant was convicted of distributing cocaine and sentenced to a dishonorable discharge, confinement for 24 months and reduction to airman basic.

ther can he force the prosecution to try him in the forum he deems most advantageous. The appellant's offenses were service-connected—he admitted distributing cocaine to an individual he knew was in the Air Force approximately a block from the main gate of Seymour Johnson Air Force Base. *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980); *United States v. Hairston,* 15 M.J. 892 (A.C.M.R.1983); *see also United States v. Barideaux,* 22 M.J. 60 (C.M.A. 1986). Accordingly, we conclude the court-martial had jurisdiction over the offenses. *United States v. Cole,* 24 M.J. 18 (C.M.A. 1987).

◼ We now turn to the question of whether the Air Force retained *in personam* jurisdiction over the appellant in light of the delay in ordering his prior punitive discharge executed. The government offered no explanation why, as of 16 May 1986, the appellant's discharge had not been issued in spite of a direction from the Commander, Lowry Technical Training Center, Colorado on 6 February 1986 to do so. See R.C.M. 1113(c). We are troubled by this seeming inattention to completing the final step necessary to discharge the appellant. However, the fact remains that he was still on active duty when he committed the offenses and had not received his discharge certificate, the delivery of which establishes his release. *United States v. Howard,* 20 M.J. 353 (C.M.A.1985). Further, we do not interpret the *Clevidence-Sutton-Bruton* decisions as creating immunity from prosecution for offenses committed while on appellate leave due to a delay in complying with R.C.M. 1113. While on appellate leave the appellant remained subject to the Code, and accordingly, the Air Force retained jurisdiction to try him.

The remaining assigned error is resolved adversely to the appellant. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.